# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

---

(302) 658-9200
(302) 658-3989 FAX

Gregory W. Werkheiser
(302) 351-9229
(302) 425-4663 FAX
gwerkheiser@mnat.com

May 17, 2018

**Via ECF and Hand Delivery**

The Honorable Kevin J. Carey
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

      Re:      *ZB Company, Inc., et al.*, Case No. 03-13672 (KJC)

Dear Judge Carey:

      I write in my capacity as a member of the Delaware bar and former counsel of record in the above-referenced chapter 11 cases (the "Chapter 11 Cases") to request any direction or guidance that the Court may be inclined to provide with respect to the situation described in this letter. I recently was contacted by representatives of Chase Paymentech Solutions, LLC ("CPS") and notified, pursuant to the email attached in redacted form as **Exhibit A** hereto and a subsequent telephone call, that CPS is holding $244,924.68 (the "Reserve Funds") in certain reserve accounts related to credit card processing services that CPS or its predecessors had provided to the above-referenced debtors (the "Debtors"). To the best of this knowledge, the credit card processing arrangement dates to approximately fourteen (14) or more years ago when the Debtors were still operating as retailers of toys and other children's merchandise. I understand from the email and subsequent communications that CPS is requesting direction of some form concerning the proper disposition of the Reserve Funds. As explained more fully below, due to the extreme amount of time that has passed and other developments, I and my firm no longer have access to a client representative with authority to provide us with direction in connection with this matter.

      I and my firm previously served as Delaware counsel to Jerry Kollar in his capacity as the trustee (the "Liquidation Trust") for the ZB Company, Inc., et al. liquidation trust (the "Liquidation Trust") in connection with the Debtors' now closed chapter 11 cases (the "Chapter 11 Cases"). The Liquidation Trust was established and the Liquidation Trustee was appointed

pursuant to the *Debtors' and Creditors' Committee's Second Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [D.I. 1481] (the "Plan"), which was confirmed by this Court's Order dated October 27, 2004 [D.I. 1699] (the "Confirmation Order"), and became effective by its terms on November 18, 2004 [D.I. 1775]. The terms of the Liquidation Trust, including the rights and responsibilities of the Liquidation Trustee, are governed by, *inter alia,* the Plan, the Confirmation Order and that certain Liquidation Trust Agreement substantially in the form annexed as Exhibit B to the Confirmation Order (the "Trust Agreement"). Before the Plan became effective, our firm also acted as Delaware counsel to the Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases.

This Court entered a final decree in the Chapter 11 Case of ZB Company, Inc. on August 23, 2007 [D.I. 2650] and closed the case one day later. Each of the Chapter 11 Cases of the subsidiary Debtors by then were already the subject of previously entered final decrees [D.I. 1869] and had been closed by the Court. Except for a brief period in 2011 when the ZB Company, Inc. Chapter 11 Case was reopened for the limited purpose recovering certain newly discovered assets and effectuating the donation of such funds to various charities [D.I. 2668], the Chapter 11 Case of ZB Company, Inc. has remained closed since August 24, 2007, and the Chapter 11 Cases of the subsidiary Debtors have remained closed since December 2004.

In addition, the Liquidation Trustee long ago completed the distribution of all Distributable Proceeds (as defined in the Trust Agreement) and the winding up of all affairs of the Liquidation Trust. The Liquidation Trust was subsequently dissolved and Mr. Kollar was discharged from his role as the Liquidation Trustee. Incident to the foregoing events, the engagements of my firm and Dreier LLP (now defunct) as counsel to the Liquidation Trustee likewise long ago concluded. I have contacted Mr. Kollar in connection with the current situation and am informed that Mr. Kollar believes that his tenure as the Liquidation Trustee ended many years ago and that he is no longer in a position to act on behalf of the Liquidation Trust in connection with this matter.

We recognize that the amount of the Reserve Funds is not insubstantial. However, even assuming the Liquidation Trust could somehow be revived, the information we have about the creditor body from these Chapter 11 Cases suggests that it would be very difficult, if not impossible, to effectuate supplemental distributions to the holders of allowed claims. Based on the most recent records of the Liquidation Trust available to us, 2,059 separate claims in the aggregate amount of $67,176,879 were allowed as general unsecured claims against the Debtors in these Chapter 11 Cases. Those claims are held by approximately 1,250 unique creditors. The contact information we have for the holders of such claims has not been updated, in most instances, since 2007, when the ZB Company, Inc. Chapter 11 Case was closed and final distributions were then made.

In view of the foregoing circumstances, we are unable to take action at this time in response to the communications we recently received from CPS. We, therefore, are seeking any direction or guidance that Your Honor may have for us in connection with this situation.

As always, we are available at the Court's convenience to address the foregoing.

Respectfully submitted,

*Gregory W. Werkheiser*

Gregory W. Werkheiser

cc: Wendy Marcari (by email)
David Buchbinder (by email)
Lazonia Clark (by email and overnight courier)
All other counsel of record (by ECF Notification)